## TULLY v. STRICKLAND. (8 Div. 651.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

Appeal and error ⟨key⟩1010(1)—Finding of trial court supported by facts must be affirmed.

Where under the case and issues presented by the pleadings there was no error apparent in the finding and judgment of the trial court, it must be affirmed.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Action by C. F. Strickland against J. Tom Tully. Judgment for the plaintiff, and defendant appeals. Affirmed.

On February 5, 1920, this cause was dismissed for want of prosecution, and on May 18, 1920, on motion of appellant, the judgment of dismissal was set aside, and the cause was submitted on briefs.

Count 4 of the complaint claims for the destruction of a lien on 14 bushels and 14 pounds of corn raised by plaintiff under the circumstances described in the complaint, gathered by defendant from the lands rented and sold in the open market.

Orr & Killcrease, of Albertville, for appellant.

The action is governed by section 4743, Code 1907, and the plaintiff only had a lien for the value of the portion of the corn to which he was entitled. 132 Ala. 291, 31 South. 613; 132 Ala. 569, 31 South. 484; 124 Ala. 454, 27 South. 518. The plaintiff only had the right to demand a fair sale and the payment to him of the overcharge; therefore the judgment is excessive. 149 Ala. 379, 43 South. 144; 13 Ala. App. 619, 68 South. 718.

D. Isbell, of Guntersville, for appellee.

The special finding requested by defendant is final on appeal. Section 5360, Code 1907; 126 Ala. 176, 28 South. 420; 139 Ala. 250, 36 South. 618.

BRICKEN, P. J. Appellant, Tully, furnished the land and team to cultivate it, and appellee, Strickland, furnished the labor, each to pay for his portion of the fertilizer, the crops grown to be divided share and share alike.

There was some evidence about house rent, but that is immaterial to the decision of the issues as presented by this record.

It also appears that some cotton was raised, which was in the hands of the landlord, as well as about 50 bushels of corn, which was in a separate pile, in the barn of Tully. The issues as here presented involved the destruction of appellee's lien upon 14 bushels of corn, which appellant gathered and sold.

The trial was had on count 4, the other counts being withdrawn pending the trial. The only plea in the record is the general issue. There was judgment for appellee for $17.75, the proven value of the corn.

It is not disputed that the corn was grown under the contract on land furnished by Tully; that Tully gathered and sold it. There seems to be no controversy as to the amount of cotton and corn grown and then in Tully's possession, other than this particular 14 bushels.

Under the facts of the case and the issues prescribed by the pleadings, we can discover no error in the finding and judgment of the trial court. The case is therefore affirmed.

Affirmed.